

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 18, 1970

Hon. Tommy V. Smith
Commissioner
Bureau of Labor Statistics
Capitol Station
Austin, Texas 78711

Opinion No. M-750

Re: Whether the maximum fee
schedule promulgated by the
Texas Private Employment
Agency Regulatory Board,
pursuant to Article 5221-a6
(15)(a), Vernon's Civil
Statutes, applies to fees
charged employers by an em-
ployment agency.

Dear Commissioner Smith:

Your recent letter requesting the opinion of this office
concerning the referenced matter states, in part, as follows:

"Under the provisions of Article 5221a-6,
V.C.S., as amended, Section 15(a) authorizes the
Texas Private Employment Agency Regulatory Board
to establish and promulgate a schedule of maximum
fees to be charged applicants.

"....

"Our question is whether the Board approved
maximum fee schedule is the maximum fee that can
be charged by an employment agency from employers
in payment for any services."

Section 1 of Article 5221a-6, Vernon's Civil Statutes, as amended (Acts 61st Leg. R.S. 1969, ch. 871, p. 2625), provides, in part, as follows:

"(b) 'Fee' means anything of value including money or other valuable consideration or services or the promise of any of the foregoing received by an employment agency from any person seeking employment or employers in payment for any service, either directly or indirectly.

"(c) 'Employer' means any person employing or seeking to employ any employee.

"(d) 'Applicant' means any person engaging the services of a private employment agency for the purpose of securing employment or any person placed by a private employment agency with an employer." (Emphasis added.)

Section 15(a) of Article 5221a-6 provides:

"The board is authorized to establish and promulgate a schedule of permissible maximum fees allowed to be charged to applicants by private employment agencies in the performance of their services." (Emphasis added.)

A reading of the foregoing statutes indicates that, while the term "fee" is defined as including consideration received by employment agencies from employers, the maximum fee schedule set forth in Section 15(a), supra, applies only to fees allowed to be charged to "applicants". The term "applicant", as defined in Section 1(b), supra, applies only to employees seeking employment, and not to employers utilizing the services of an employment agency.

It is apposite to note that that portion of the predecessor to Article 5221a-6 (which was Acts 48th Leg. R. S. 1943, ch. 67, p. 86) dealing with maximum fees permitted to be charged by employment agencies, as construed by this office, was held not to apply to fees charged by employment agencies to employers.  Attorney General's Opinions No. O-7299 (1946) and No. V-430 (1947).

We are of the opinion that the purpose of Article 5221a-6 is the same today as it was when construed by Attorney General's Opinion No. V-430, supra, which held, in part:

"...There can be no doubt that the underlying purpose of the statute is to protect those seeking employment from exploitation by an employment agency that might be tempted to take advantage of the vulnerability of the employment seeker.  This consideration does not obtain where the employers are seeking competent employees, and are willing to pay a fee to an employment agency that proposes to furnish such employees."

In view of the foregoing, you are advised that your question is answered in the negative.

### S U M M A R Y

Pursuant to Article 5221a-6(15)(a), Vernon's Civil Statutes, the maximum fee schedule authorized to be promulgated by  the Texas Private Employment Agency Regulatory Board does not apply to fees charged by an employment agency to employers; the maximum fee schedule applies only to fees charged by employment agencies to employees seeking positions.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ronald Luna
R. D. Green
Fisher Tyler
Malcolm Smith

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant